

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

DAVID GREGORY LANDECK,

    Petitioner,

v.                                             Civil Action No. 3:14CV88

CHARLES ALLEN,

    Respondent.

## MEMORANDUM OPINION

David Gregory Landeck, a Virginia state prisoner proceeding *pro se* brings this petition pursuant to 28 U.S.C. § 2254 ("§ 2254 Petition") challenging his conviction in the Circuit Court of the City of Richmond, Virginia ("Circuit Court"). In his § 2254 Petition, Landeck argues entitlement to relief based upon the following grounds:[1]

    Claim One:     Counsel rendered ineffective assistance[2] "with respect to the Commonwealth's offers of a guilty plea." (§ 2254 Pet. 9.)

    Claim Two:     Counsel rendered ineffective assistance "pretrial with respect to motion *in limine*." (*Id.* at 12.)

    Claim Three:     Counsel rendered ineffective assistance "with respect to counsel's failure to propose alternate jury instruction." (*Id.* at 14.)

    Claim Four:     "Prosecutorial misconduct/ineffective assistance of counsel at trial with respect to instances of the prosecution's improper vouching and manipulating evidence by misstating defense witness' testimony during rebuttal argument." (*Id.* at 15.)

    Claim Five:     Counsel rendered ineffective assistance by failing to move the trial court to strike "the prosecution's racially inflammatory and improper comments during rebuttal argument. . . ." (*Id.* at 18.)

---

[1] The Court has omitted the emphasis in the quotations from Landeck's submissions.

[2] "In all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him . . . ." U.S. Const. amend. VI.

Claim Six: Counsel rendered ineffective assistance on appeal. (*Id.* at 20.)

Respondent moves to dismiss the § 2254 Petition on the grounds that Landeck has failed to exhaust his state court remedies as to all of his claims. Landeck has responded. For the reasons stated below, the Motion to Dismiss will be GRANTED.

## I.    PROCEDURAL HISTORY

Following a jury trial, the Circuit Court convicted Landeck of aggravated malicious wounding and sentenced him to an active term of ten years of incarceration. Landeck appealed, and the Court of Appeals of Virginia affirmed his conviction. *Landeck v. Commonwealth*, 722 S.E.2d 643, 650 (Va. App. 2012). The Supreme Court of Virginia refused Landeck's subsequent petition for appeal. *Landeck v. Commonwealth*, No. 120612, at 1 (Va. Sept. 13, 2012).

On September 9, 2013, Landeck filed a petition for a writ of habeas corpus in the Circuit Court.[3] *Landeck v. Gurney*, No. CL13004082-00 (Va. Cir. Ct. Sept. 13, 2013); (§ 2254 Pet. 6.). On May 21, 2014, the Circuit Court denied his petition. *Landeck*, No. CL13004082-00 (Va. Cir. Ct. May 21, 2014). Landeck noted his appeal to the Supreme Court of Virginia on June 12, 2014, Notice of Appeal, *Landeck*, No. CL13004082-00 (Va. Cir. Ct. June 12, 2014), and filed his petition for appeal on August 19, 2014.[4] Petition, *Landeck v. Pruett*, No. 141227 (Va. Aug. 19, 2014). The action remains pending before the Supreme Court of Virginia.

---

[3] *See* http://www.courts.state.va.us/courts/circuit/richmond (select "Case Status and Information;" select "Circuit Court" from drop-down menu; select hyperlink for "Case Information"; select "Richmond Circuit" from drop-down menu and follow "Begin" button, select "Civil"; type "Landeck, David," and then follow "Search by Name" button; then follow hyperlinks for "CL13004082-00").

[4] *See* http://www.courts.state.va.us (select "Case Status and Information;" select "Supreme Court of Virginia" from drop-down menu; then follow "ACMS-SCV" button; select Appellant/Petitioner," type "Landeck, David," and then follow "Search" button; then follow hyperlinks for SCV Record # "141227").

2

Landeck acknowledges that "[t]his is a 'protective petition' . . . which petitioner submits now, during the pendency of his post-conviction habeas in the Commonwealth of Virginia, to preserve his ability to seek subsequent review in this Court." (§ 2254 Pet. 2 (citation omitted).) Landeck asks the Court to stay and hold in abeyance the § 2254 Petition pending the resolution of his state habeas petition "in an effort to preserve petitioner's right to federal habeas review following exhaustion of state post-conviction (habeas) remedies." (*Id.* at 8 n.3.) For the reasons stated below, Landeck's § 2254 Petition will be DISMISSED WITHOUT PREJUDICE for failure to exhaust his state court remedies. The request to STAY will be denied.

## II. EXHAUSTION AND PROCEDURAL DEFAULT

### A. Applicable Law

Before a state prisoner can bring a § 2254 petition in federal district court, the prisoner must first have "exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). State exhaustion "'is rooted in considerations of federal-state comity,'" and in Congressional determination via federal habeas laws "that exhaustion of adequate state remedies will 'best serve the policies of federalism.'" *Slavek v. Hinkle*, 359 F. Supp. 2d 473, 479 (E.D. Va. 2005) (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 491–92 & n. 10 (1973)). The purpose of the exhaustion requirement is "to give the State an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Picard v. Connor*, 404 U.S. 270, 275 (1971) (internal quotation marks omitted). Exhaustion has two aspects. First, a petitioner must utilize all available state remedies before he can apply for federal habeas relief. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 844–48 (1999). As to whether a petitioner has used all available state remedies, the statute notes that a habeas petitioner "shall not be deemed to have exhausted the

remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c).

The second aspect of exhaustion requires a petitioner to have offered the state courts an adequate "'opportunity'" to address the constitutional claims advanced on federal habeas. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (quoting *Duncan v. Henry*, 513 U.S. 364, 365 (1995)) (additional internal quotation marks omitted). "To provide the State with the necessary 'opportunity,' the prisoner must 'fairly present' his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." *Id.* (quoting *Duncan*, 513 U.S. at 365–66). Fair presentation demands that a petitioner must present "'both the operative facts and the controlling legal principles' associated with each claim" to the state courts. *Longworth v. Ozmint*, 377 F.3d 437, 448 (4th Cir. 2004) (quoting *Baker v. Corcoran*, 220 F.3d 276, 289 (4th Cir. 2000)). The burden of proving that a claim has been exhausted in accordance with a "state's chosen procedural scheme" lies with the petitioner. *Mallory v. Smith*, 27 F.3d 991, 994–95 (4th Cir. 1994).

In Virginia, to exhaust state remedies, a "petitioner must present the same factual and legal claims raised in the instant petition to the Supreme Court of Virginia either by way of (i) a direct appeal, (ii) a state habeas corpus petition, or (iii) an appeal from a circuit court's denial of a state habeas petition." *Sparrow v. Dir., Dep't of Corr.*, 439 F. Supp. 2d 584, 587 (E.D. Va. 2006); *see also* Va. Code § 8.01–654(A)(1) (2007). "'Whichever route the inmate chooses to follow, it is clear that [the inmate] ultimately must present his [federal habeas] claims to the Supreme Court of Virginia and receive a ruling from that court before a federal district court can consider them.'" *Banks v. Johnson*, No. 3:07CV746–HEH, 2008 WL 2566954, at *2 (E.D. Va.

4

June 26, 2008) (second alteration added) (quoting *Graham v. Ray*, No. 7:05cv00265, 2005 WL 1035496, at *2 (W.D. Va. May 3, 2005); *see also Sparrow*, 439 F. Supp. 2d at 587.

The United States Supreme Court has approved the use of a "stay-and-abeyance" procedure in the case of certain "mixed" federal habeas corpus petitions, *i.e.*, those petitions that contain both exhausted and unexhausted claims. *Rhines v. Weber*, 544 U.S. 269, 274–76 (2005). However, "granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts," which is "only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." *Id.* at 277. This Court has previously concluded that "'where a petitioner has failed to exhaust state court remedies for *all* of his claims, the federal court must dismiss the petition without prejudice because the use of the stay and abeyance procedure for certain mixed federal habeas petitions is inapplicable.'" *Payne v. Johnson*, No. 3:07CV614, 2008 WL 3843447, at *1 (E.D. Va. Aug. 15, 2008) (some internal quotation marks omitted) (quoting *Banks v. Johnson*, No. 3:07cv746, 2008 WL 2566954, at *2 (E.D. Va. June 26, 2008)); *cf. Jackson v. Roe*, 425 F.3d 654, 659-661 (9th Cir. 2005) ("*Rhines* applies to stays of mixed petitions . . . ."); *see also Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) (citation omitted) ("Once a district court determines that a habeas petition contains only unexhausted claims, it need not inquire further as to the petitioner's intentions. Instead, it may simply dismiss the habeas petition for failure to exhaust.")

Nevertheless, several courts have concluded that *Pace v. Guglielmo*, 544 U.S. 408, 416 (2005) extended the *Rhines* rationale beyond mixed petitions. *See Heleva v. Brooks*, 581 F.3d 187, 191–92 (3d Cir. 2009);[5] *Dolis v. Chambers*, 454 F.3d 721, 724–25 (7th Cir. 2006); *but see*

---

[5] The petitioner in *Pace* sought and was denied state post-conviction relief twice before he filed his federal habeas petition that contained only the claims exhausted in his second petition. *See Pace*, 544 U.S. at 410–11, 418–19. The Supreme Court found that the second post-conviction relief application was not "properly filed" due to untimeliness and that it could not

5

*Rasberry*, 448 F.3d at 1154 (declining to extend stay and abeyance without discussion of *Pace* to "the situation where the original habeas petition contained only unexhausted claims . . . .") In those cases, the Third Circuit Court of Appeals and the Seventh Circuit Court of Appeals remanded unmixed petitions to the district courts to determine whether each petitioner was entitled to a *Rhines* stay for "good cause" based on the petitioner's belief that he had one day, and a "very short[ ]" period, respectively, remaining of the federal limitations period. *Heleva*, 581 F.3d at 191; *Dolis*, 454 F.3d at 724; *see also Doe v. Jones*, No. 12–6311, --- F. 3d. ----, 2014 WL 3906849, at *7 (10th Cir. Aug. 12, 2014) (concluding district court had discretion to consider a *Rhines* stay in unmixed petition when petitioner had two days remaining of the federal limitations period). The Seventh Circuit explained that "[i]n keeping with *Rhines*, the district court would naturally have discretion to decide whether a stay was warranted in the particular circumstances in each case." *Dolis*, 454 F.3d at 725. Assuming without deciding that *Pace* extends *Rhines* to allow stay and abeyance of petitions comprised of entirely unexhausted claims, Landeck fails to demonstrate good cause for a stay and abeyance of his § 2254 Petition.

B.     **Lack of Exhaustion**

First, the claims Landeck raises in his § 2254 Petition are entirely different than the claims he presented to the Court of Appeals of Virginia and the Supreme Court of Virginia on

---

toll the federal limitations period under 28 U.S.C. § 2244(d)(2). *Id.* at 416. The Supreme Court, however, suggested that "[a] prisoner seeking state post-conviction relief might avoid this predicament . . . by filing a 'protective' petition in federal court and asking the federal court to stay and abey the federal habeas proceedings until the state remedies are exhausted." *Id.* Courts have relied on this suggestion in *Pace*, "to conclude the Supreme Court 'sanctioned' the application of a *Rhines* stay to 'context[s] outside that of mixed petitions.'" *Doe v. Jones*, No. 12–6311, --- F.3d ----, 2014 WL 3906849, at *4 (10th Cir. Aug. 12, 2014) (alteration in original) (quoting *Heleva*, 581 U.S. at 191).

6

direct appeal.[6] Second, the record clearly shows that even if Landeck has presented all of the claims he raises in the instant § 2254 Petition to the Supreme Court of Virginia, he has not received a ruling from that court on his claims. *See Sparrow*, 439 F. Supp. 2d at 587. Thus, Landeck's claims are clearly unexhausted.

C.   **Stay Analysis**

Although "stay and abeyance should be available only in limited circumstances," *Rhines*, 544 U.S. at 277, the Supreme Court concluded:

> it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a ... petition if [(1)] the petitioner had good cause for his failure to exhaust, [(2)] his unexhausted claims are potentially meritorious, and [(3)] there is no indication that the petitioner engaged in intentionally dilatory litigation tactics. In such circumstances, the district court should stay, rather than dismiss, the mixed petition.

*Id.* at 278. Under the first factor, the Court must determine whether "there was good cause for the petitioner's failure to exhaust his claims first in state court." *Id.* at 277. The Supreme Court's limited comments on what constitutes good cause to warrant stay and abeyance do not indicate that the standard is meant to be inordinately demanding. *See Pace*, 544 U.S. at 416 (observing that a "petitioner's reasonable confusion about whether a state filing would be timely will ordinarily constitute 'good cause' for him to file in federal court" (citing *Rhines*, 544 U.S. at 278)); *Rhines*, 544 U.S. at 279 (Stevens, J., concurring) (internal quotation marks and citation

---

[6] On direct appeal, Landeck

> argue[d] that the trial court erred when it: (1) admitted evidence of a racial epithet attributed to Christopher Landeck; (2) denied appellants' motion for mistrial following the prosecution's rebuttal to the jury; (3) overruled appellants' objection to the Commonwealth's proposed jury instruction concerning heat of passion; and (4) denied appellants' motion to set aside the jury verdict based on what appellants claim is insufficient evidence to prove malice.

*Landeck v. Commonwealth*, 722 S.E.2d 643, 645 (Va. 2012).

7

omitted) (concluding "good cause for failing to exhaust state remedies more promptly is not intended to impose the sort of strict and inflexible requirement that would trap the unwary *pro se* prisoner"). The Court need not address the second two factors in the instant action because Landeck fails to demonstrate good cause for his failure to exhaust.

In support of his argument requesting stay and abeyance, Landeck notes that the Supreme Court of Virginia dismissed his direct appeal on September 13, 2012 and he filed his state habeas petition on September 9, 2013. (§ 2254 Pet. 10–11.) Landeck concludes that "petitioner will potentially have only four (04) days from the date" of the Supreme Court of Virginia's judgment on his petition for appeal to file his § 2254 petition. (*Id.* at 11.)[7] Landeck points to this short period of time as good cause for allowing a stay of his § 2254 Petition in this Court until the state court resolves his state petition. Landeck fails to demonstrate entitlement to a stay pending the resolution of his state petition because he fails to show good cause for his failure to exhaust his state remedies prior to filing a federal petition. *See Rhines*, 544 U.S. at 277.

First, Landeck provides no explanation for why he waited nearly a year after the Supreme Court of Virginia dismissed his direct appeal to file a state habeas petition in the Circuit Court.

---

[7] A one-year period of limitation applies to the filing of a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court. Specifically, 28 U.S.C. § 2244(d) reads in relevant part:

1. A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
   . . .
2. The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

8

Moreover, Landeck's belief that he only has four days after the Supreme Court of Virginia rules on his petition for appeal to file a federal habeas is misplaced. Based on the current record, Landeck's conviction became final on December 12, 2012, when the time to file a writ of certiorari expired. *See Hill v. Braxton*, 277 F.3d 701, 704 (4th Cir. 2002) ("[T]he one-year limitation period begins running when direct review of the state conviction is completed or when the time for seeking direct review has expired . . . ." (citing 28 U.S.C. § 2244(d)(1)(A))); Sup. Ct. R. 13(1) (requiring that a petition for certiorari should be filed within ninety days of entry of judgment by the state court of last resort or of the order denying discretionary review). Thus, Landeck would have one year from December 12, 2012 in which to file his federal petition. The limitations period ran for 270 days prior to the filing of his state petition on September 9, 2013. The Court observes that Landeck would have at least 95 days in which to file his federal petition after the Supreme Court of Virginia's resolution of his state petition for appeal.[8] Thus, Landeck's situation is not one in which a dismissal without prejudice "would effectively end any chance at federal habeas review." *Dolis*, 454 F.3d at 725 (citations omitted); *cf. Tucker v. Kingston*, 538 F.3d 732, 735 (7th Cir. 2008) (concluding no stay warranted where petitioner had more than five months to refile after he exhausted his claims in state court). Accordingly, Landeck has failed to demonstrate good cause for a stay of the instant action.

### III. CONCLUSION

For the foregoing reasons, Respondent's Motion to Dismiss (ECF No. 6) will be GRANTED. Landeck's request to stay and abey the instant action until his state court remedies are exhausted is DENIED. Landeck's claims will be DISMISSED WITHOUT PREJUDICE and his § 2254 Petition will be DENIED WITHOUT PREJUDICE. The action will be DISMISSED

---

[8] The Court notes that the above calculation is an estimate based on the present record before the Court. Landeck should not rely on these calculations and should file any federal petition promptly upon the conclusion of his state proceedings.

9

WITHOUT PREJUDICE. The Motion to Merge or Consolidate Cases (ECF No. 20) and Motion to Amend (ECF No. 21) will be DENIED AS MOOT. A certificate of appealability will be DENIED.[9]

An appropriate Order shall issue.

Date: 10-22-14
Richmond, Virginia

/s/
James R. Spencer
Senior U. S. District Judge

---

[9] An appeal may not be taken from the final order in a § 2254 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(A). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). Landeck fails to meet this standard.